Dear Mr. Johnson:
Our office received an opinion request from you concerning the response to public records requests made pursuant to the Louisiana Public Records Act. Your letter provides that the City of Alexandria engaged the services of Quick and Associates in November 2006 to assist in determining the extent of leakage caused by potential design defects and/or substandard workmanship at the Coughlin-Saunders Performing Art Center. Your letter also states that Mr. Quick formulated the City's forensic evidentiary proof strategy in the event the parties cannot agree on a course of cost-effective remedial action.
Your office has received public records requests for the disclosure of Mr. Quick's reports, and the City has denied the requests, citing La.R.S. 44:4.1(C), as you believe the request to pertain to work product on a matter that will ultimately be litigated. Your letter asks our office to provide you with a legal opinion on whether La.R.S. 44:4.1(C) presently shields these reports from public disclosure and whether the City of Alexandria is required to give any sort of legal notice to Ratcliff Construction, the company responsible for constructing the Coughlin-Saunders Performing Art Center, to claim the work product exemption available in the Public Records Act.
As an initial matter, the right of access to public information is guaranteed by La.Const. Art. XII, § 3, which provides, "[n]o person shall be denied the right to . . . examine public documents, except in cases established by law." The Public Records Act, which can be found at La.R.S. 44:1 et seq., was enacted by the Louisiana Legislature to protect and define the constitutional right of access to public records. The Louisiana Supreme Court has instructed liberal construction of this constitutional provision and stated "access can be denied only when a law, specifically and unequivocally, provides otherwise." Title ResearchCorp. v. Rausch, 450 So.2d 933, 936 (La. 1984). *Page 2 
You have refused to produce the report pursuant to La.R.S. 44:4.1 (C), which provides:
 The provisions of this Chapter shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial.
This provision clearly exempts from the Public Records Act records or accounts reflecting the mental impressions, conclusions, opinions and/or theories of an expert obtained in anticipation of litigation or in preparation for trial. The report in question contains an assessment of the extent of leakage caused by the potential design defects and/or substandard workmanship at the Coughlin-Saunders Performing Art Center, and includes a forensic evidentiary proof strategy. You specifically provide that you, as the attorney for the City of Alexandria, believe the record contains work product on a matter which will ultimately be litigated, but there has been no legal notice of such a pending action. As there is currently no notice requirements to exert the exemption contained in La.R.S. 44:4.1 (C), and you, as the City Attorney, are in the best position to assess whether litigation is likely to occur, it is the opinion of this office that you have properly refused public records requests by exerting the exception available under La.R.S. 44:4.1(C), even though legal notice has not yet been provided to Ratcliff Construction.
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB